ABNER WHEELER, Plaintiff in Error, *v.* ELIZA WHEELER, Defendant in Error.

ERROR TO HAMILTON.

If a decree shows that it was made upon proofs adduced, it will be sustained, although the evidence is not preserved.

In cases of divorce, alimony will be allowed in such form as will best meet the condition of the parties, and make the provisions a sure reliance. The allowance may be changed in any manner consistent with equitable principles.

THIS decree in this case was entered at October term, 1854, of the Hamilton Circuit Court, BAUGH, Judge, presiding.

The facts are stated in the opinion of the judge.

R. S. NELSON, for Plaintiff in Error.

S. CASEY and D. BAUGH, for Defendant in Error.

SKINNER, J. This was a bill in equity by the wife for a divorce, alimony and custody of infant children. ·

Wheeler *v.* Wheeler.

The bill alleges, that the complainant and the defendant, in 1839, in this state, were united in marriage; that seven children, aged from one to fourteen years, of the marriage, are still living; that the defendant has abandoned the complainant and said children, and fled to a foreign state with another woman, with whom he is adulterously living and cohabiting; that he took with him most of his personal property, and owns certain lands lying in this state.

The defendant below not appearing, the bill was taken for confessed, and the circuit court, upon hearing the evidence, decreed the marriage relation of the parties dissolved; that the complainant have the custody of the children; and that she have for alimony the lands mentioned in the bill.

The defendant below assigns for error, first, that the decree was rendered without sufficient evidence; second, that the court decreed the lands of the defendant to complainant *in fee*.

The decree states that the court heard the evidence, although it is not preserved in the record.

The case of *Shillinger* v. *Shillinger*, 14 Ill. R. 147, decides, that under our statute, in case of bill taken for confessed, a divorce can only be decreed upon evidence heard in support of the allegations of the bill; and that a decree so rendered is good on error brought, although the evidence be not preserved in the record. It is sufficient if the decree shows that it was made upon proofs adduced. This disposes of the error first assigned.

Alimony, as applied to the marital relation, is that maintenance or support which the husband, on separation, is bound to provide for the wife, and is measured by the wants of the person entitled to it, and the circumstances or ability of him who is bound to furnish it. 1 Bouvier's Law Dic. 99; 1 Black. Com. 441; 3 ibid. 94; 1 Kent's Com. 128.

And a court of equity having before it all the facts necessary to understand the wants, conditions and circumstances of the parties, may, upon divorce for the fault of the husband, decree to the wife, out of the husband's estate, reasonable provision for the support of herself and the children dependent on her for maintenance.

And this may be done in such form as will best meet the exigencies of the case, and render the provision a sure reliance; and the provision may afterward be changed, increased or diminished, to effectuate the object, in any manner consistent with the principles of equity. 1 Barbour's Chan. Prac. 265, 266, 267 and 268; *Stewartson* v. *Stewartson*, 15 Ill. R. 145.

The evidence is not before us, and we must presume it is sufficient to authorize the decree.

*Decree affirmed.*