## HEDRICK v. HEDRICK.

28 291
125 446
28 291
133 123
28 291
141 375

DIVORCE.—CHANGE OF JUDGES.—A change of judges after verdict, and before final decree, does not change the court; for all judicial purposes it remains the same, and such succeeding judge may render a final decree of divorce and allow alimony to the wife, without hearing any evidence, where answers by the jury to special interrogatories show the amount of the husband's property.

ALIMONY.—Under our statute, the court has power to allow to the wife ali-

mony, although the divorce is granted to the husband for her miscon-
duct.

SAME.—When divorced parties have two children, and one is granted to the
custody of each, and the husband owns property to the amount of $13,000,
an allowance of $3,500 for alimony will not be disturbed by this court as
unreasonable.

SAME.—COSTS.—When a divorce is decreed to the husband upon his own
petition, it is not error to render judgment against him for the costs of the
suit.

SUPREME COURT.—PRACTICE.—This court cannot interfere with a judgment
rendered below, because the evidence does not justify the judgment, un-
less this court has before it all the evidence.

ALIMONY.—Adjusting alimony is not yet controlled by definite rules, and
the determination of each case must depend upon its own circumstances
and an enlightened sense of justice and public policy.

APPEAL from the *Madison* Common Pleas.

GREGORY, J.— *William Hedrick* filed his complaint against
his wife, *Rebecca,* for divorce, alleging abandonment.

The defendant answered by the general denial and by
a cross-complaint, averring cruel and inhuman treat-
ment and adultery, and charging that the plaintiff is pos-
sessed of a large estate, both real and personal, to-wit, of
the value of $16,000, his land consisting of some seventeen
hundred acres, situated in *Tipton* and *Madison* counties.
Prayer for divorce, alimony, and the custody of the chil-
dren.

The plaintiff replied by the general denial. The issues
of fact were submitted to a jury. Verdict for the plaintiff;
and, in answer to interrogatories, the jury found that the
defendant had no just cause for abandoning the plaintiff;
that the defendant is the best calculated to take care of the
children; and to the question "what amount of property
has the plaintiff?" the jury answered, "$13,000 worth in
real estate." After verdict, and before final decree, Judge
*West* succeeded Judge *Gooding.* The court rendered a final
decree of divorce, granting the custody of one child to the
plaintiff, and the other to the defendant, and allowing ali-
mony to the wife in the sum of $3,500, to be paid as fol-
lows: $500 in six months from the date of the decree;

$500 in twelve months; $1,000 in twenty-four months; $1,000 in thirty-six months; and the remaining $500 in forty-eight months from that time.

A bill of exceptions shows that there was no evidence heard by Judge *West* at the time he rendered the final decree. There is no bill of exceptions containing the testimony given on the trial. It is claimed that Judge *West* had no judicial knowledge of the evidence given on the trial at the time his predecessor was in office, and that the court erred in giving the wife alimony without hearing further testimony. The cross-complaint averred the facts upon which the claim for alimony was based. The answer of the jury to one of the interrogatories put to them, shows that the evidence had been introduced on the trial. The change of judges did not change the court; for all judicial purposes that remained identical.

It is claimed that the amount allowed for alimony is too large. The evidence given on the trial is not before us. The record, however, does show that the defendant had lived with the plaintiff long enough to have two children; that the plaintiff was worth, in real estate, some $13,000; the defendant was charged with maintaining one of the children. Under such circumstances, in the absence of the evidence, we cannot say that the allowance was unreasonable. Under the statute, the court had the power to allow alimony to the wife, although the divorce was granted to the husband for her misconduct. *Coon v. Coon,* 26 Ind. 189. The *English* parliament, in granting to the husband a divorce from the bond of matrimony, always requires him to make some provision for his divorced wife, and for this most just, humane and moral reason, that she may not be driven by want to continue in a course of vice. 2 *Bishop* on Marriage and Divorce, § 377, note 2.

The judgment for costs was against the plaintiff. It is claimed that this was error. We think otherwise. It was in the power of the court to compel the husband to pay to the wife, during the progress of the cause, such sums as

were necessary for her defense. Certainly it was equally in the power of the court to decree costs against the husband.

The judgment is affirmed, with costs.

ON A PETITION FOR A REHEARING.

FRAZER, C. J.—We know of no authority by which this court can be warranted in interfering with a judgment rendered below because the evidence did not justify that judgment, unless we have before us all the evidence. It is not enough that we have merely such a statement as enables us to know that the evidence which was deemed sufficient below to justify the finding was not sufficient. Right verdicts are, doubtless, often rendered by wrong processes of reasoning. This court, however, has in such a matter to do with the result, and unless that is wrong, we cannot reverse.

In adjusting alimony all the evidence in the cause ought to be considered and acted upon, and then the subject is often a difficult one. It is not yet controlled by definite rules, and the determination of each case must, therefore, depend upon its own circumstances and an enlightened sense of justice and public policy.

Now the bill of exceptions shows merely the evidence which was "given before Judge *West* upon which he pronounced judgment." This is entirely consistent with the fact that the whole evidence which was given in the cause would warrant the decree for alimony. The reason upon which the twenty-second rule of this court is founded is, I think, as applicable to the case before us, as it can possibly be to any case. That rule as it now stands merely expresses formally what had always been the practice of this court, and is no impediment to justice, and is easily complied with. If the principle upon which it is founded were relaxed to suit the exigencies of the present case, and relieve the appellant of what his counsel deem a great injustice, it must be en-

tirely abandoned and the door opened to the abuses which must follow.

A petition for rehearing affords me an opportunity to give, more fully than was done in the former opinion, the sole reason which controlled me and one other member of the court in reaching the conclusion that the judgment should be affirmed.

*W. March* and *R. Lake*, for appellant.

*J. W. Sansberry*, for appellee.