## MARY J. CHASE vs. JOHN F. CHASE.

A woman, divorced from bed and board, who has obtained a decree for alimony against her husband, is entitled, as a creditor, to impeach a conveyance made by him with intent to defraud her.

Under the Gen. Sts. c. 124, §§ 23, 29, the right to enforce a decree for alimony against the goods and estate of a husband is not lost by his arrest on an execution issued upon the decree, and his discharge with the consent of the judgment creditor.

An *alias* execution to enforce a decree of alimony is not void because issued without notice to the debtor.

Upon the trial of a writ of entry to recover land as conveyed to the tenant with intent to defraud the grantor's creditors, evidence of declarations of the grantor before the conveyance, not in the presence of the tenant, are admissible to show the fraudulent intent.

WRIT OF ENTRY, dated January 1, 1869, to recover land in Swansey. Plea, *nul disseisin.*

At the trial in the superior court, before *Scudder*, J., it appeared that the demandant, then the wife of Albert Chase, brought a libel for divorce from bed and board, on which there was an attachment of all the real estate of Albert Chase, including that now in issue ; that a divorce was granted to the demandant, and alimony decreed on April 21, 1865, to the amount of $1100 ; that on July 3, 1865, execution was issued on the decree against Albert Chase, and on July 20, by order of the judgment creditor, he was arrested and committed to jail, where he remained until June 2, 1866, when, having claimed support as a pauper, he was discharged by order of the judgment creditor, he having paid his own board while in jail until nearly the time of his discharge ; that on August 22, 1865, Albert Chase conveyed his farm in Swansey, which included the demanded premises, to the tenant ; and that in 1868 another execution was issued on the same judgment against Albert Chase, by order of a justice of this court, and was levied upon a part of the property sold by Albert Chase to the tenant, on which levy the present suit was brought.

For the purpose of showing that the deed to the tenant was fraudulent, because made to delay and defraud the demandant, the demandant offered evidence of what was said by Albert Chase in a conversation with a deputy of the sheriff before the arrest, at which conversation the tenant was not present. There was no evidence that this conversation was ever made known to the tenant. The tenant objected to the admission of the evidence ; but the judge admitted it.

The tenant requested the judge to rule "that the demandant, having made her election in waiving her attachment, and arresting Albert Chase and committing him to jail, during his imprisonment had no remedy other than that provided by statute, and he had a right to dispose of his property for a fair consideration, and the sale would not be a conveyance in fraud of creditors ; that the *alias* execution on the same judgment, after Albert Chase had been committed to prison on a prior execution by direction of the judgment creditor, was void, and any levy made thereupon

was also void ; that, Albert Chase having been imprisoned on an execution issuing in pursuance of the decree of alimony, and being actually imprisoned thereupon when the deed to the tenant was made, there was then no subsisting demand thereupon against him, and he had the same right to make a deed as a person who was out of debt would have had ; that Albert Chase was not im prisoned for a debt, and the provisions of law concerning impris-oned debtors did not apply to this case, and when he had been committed to prison the demandant had elected her remedy, and must pursue that to the end."

The judge declined so to rule, and submitted the case to the jury upon the question of fraudulent conveyance, under instruc-tions that were not objected to. The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*G. Marston & L. Lapham*, for the tenant.

*T. M. Stetson*, for the demandant.

MORTON, J. The demandant obtained a divorce from bed and board, and a decree for alimony in the sum of $1100. Execution was duly issued upon this judgment, which she caused to be served by arresting her husband and committing him to jail. While in jail he executed the deed under which the tenant claims, and afterwards, having claimed support as a pauper, was dis-charged by order of the judgment creditor. Subsequently an *alias* execution was issued, which the demandant caused to be levied upon the demanded premises, and within a year after the levy brought this writ of entry to recover them, upon the ground that they were conveyed to the tenant by Albert Chase, the judg-ment debtor, in fraud of his creditors. The jury, under proper instructions, have found that the conveyance was fraudulent, be-cause made to delay and defraud the demandant. Upon these facts the tenant has raised several questions.

1. He contends that the demandant was not a creditor, and her husband not a debtor, within the meaning of the statutes against fraudulent conveyances. The same question was raised in *Liver-more* v. *Boutelle*, 11 Gray, 217, and the court held that a wife who, after a divorce *a vinculo*, recovered a judgment for alimony, was a creditor within the protection of the St. of 13 Eliz. c. 5,

and could impeach a conveyance made by her husband to delay and defraud her. The principle is the same in the case of a divorce *a mensâ et thoro*. The judgment for alimony in either case creates a debt of record in favor of the wife. *Allen* v. *Allen*, 100 Mass. 373, and cases cited.

2. The tenant contends that the demandant, having waived her attachment and arrested and imprisoned her husband upon the execution for alimony, thereby lost all other remedies. His argument is, that, by the commitment of the judgment debtor, the debt against him was satisfied and paid. No authorities are cited which support this doctrine. On the contrary, our statutes expressly provide that, when an imprisoned debtor claims support as a pauper and is discharged by the creditor, the debt and costs shall remain a legal claim against his goods and estate, and may be enforced against them in the same manner as if he had not been committed on the execution. Gen. Sts. *c*. 124, § 29. This provision applies to this case. The judgment debtor was imprisoned on an execution, and might be discharged in the same manner, and subject to the same provisions of law, as a person arrested on an execution issued for debt or damages in a civil action. Gen. Sts. *c*. 124, § 23. The demandant, therefore, after the discharge of the debtor by her consent, had the right to enforce her execution, or any *alias* execution legally issued, against his goods or estate, including real estate conveyed for the purpose of delaying or defrauding her.

3. The tenant contends that the *alias* execution was not authorized by law, because it was issued without notice to Albert Chase. But there is no provision of law requiring such notice. As a rule of practice, notice of an application for an *alias* execution will generally be given; *Newcomb* v. *Newcomb*, 12 Gray, 28; but it is within the discretion of the presiding judge, and the failure to give notice does not invalidate the execution.

4. At the trial, the tenant excepted to the admission of evidence of the declarations of Albert Chase made before the conveyance to the tenant. We have no doubt this evidence was properly admitted. It has been uniformly held, since the decision in *Bridge* v. *Eggleston*, 14 Mass. 245, that the declarations of a

grantor tending to prove a fraudulent intent on his part, made before the conveyance, are admissible in favor of a creditor who alleges it to be fraudulent. *Exceptions overruled.*