## SUSAN F. BURROWS *vs.* EZRA O. PURPLE.

An attachment of estate of a husband upon a libel against him for a divorce is security for all sums which the wife may recover, whether for alimony or other allowance pending the suit or upon the final decree, or for costs and expenses.

Upon a final decree granting a divorce against a husband, the court may award a gross sum to the wife in full of arrears of alimony and her costs and expenses pending the suit, and of future alimony and all expenses of maintaining children of whom she is given the custody.

A final decree, granting a divorce against a husband, and ordering that he pay a gross sum in full of allowances which the court makes to the wife, and that execution issue therefor after the expiration of forty-eight hours, authorizes the issue to her of execution in common form, upon his default to make payment within the forty-eight hours, and its levy upon any of his real estate in the manner in which like executions issued in actions at law may be levied; notwithstanding a further provision of the decree that the sum shall be paid into the hands of the clerk of the court and kept by him until the qualification of a trustee whom the decree appoints to receive and apply it for her benefit.

A writ of entry to recover land which has been set off and seisin and possession thereof delivered to the demandant, on execution upon a decree of alimony made by this court, may be brought in the superior court.

WRIT OF ENTRY, brought in the superior court, to recover land in Gill. Plea, *nul disseisin.* The case was submitted to the judgment of the court upon the following facts agreed by the parties :

On August 1, 1868, the demandant filed in this court a libel against her husband, George R. Burrows, for a divorce from bed and board on the ground of cruelty, and upon that libel caused the land in question to be attached. The court afterwards passed an order for the payment of alimony *pendente lite.*

At September term 1869 that case was heard by the chief justice, a divorce from bed and board decreed, the custody of the two youngest children of the parties awarded to the libellant, and, after the introduction of evidence as to the value of the libellee's property and the amount of his debts, it was further ordered and decreed that " the libellee pay the sum of three thousand dollars, the same to be in full of all costs and expenses of suit, also of all the arrears of alimony that are now due and unpaid, according to the former order of the court, and for all future alimony and also for past and future expenses of maintaining the said two children, and that execution issue therefor after the expiration of

forty-eight hours from the time of entering this decree, but that the said sum be paid into the hands of ᵗʰe clerk, to be by him deposited in bank until a trustee shall be qualified to receive the same in conformity with the terms of this decree." The decree then proceeded to appoint " a trustee to receive said money," he first giving bond with sureties to the clerk of this court for the faithful discharge of the duties of his trust; and further provided as follows: " He is to invest the money in such manner as savings banks are authorized to invest their funds when the same shall be received by him; and out of the income, and also out of the principal. if necessary, he shall pay the said costs and expenses, and the said arrears of alimony, and such sums as may be necessary for the support and maintenance of the said Susan F., not exceeding eight dollars per week; and is also to render an account of his doings to this court, whenever he shall be cited to do so."

This decree was entered October 19, 1869. On October 21, after the expiration of forty-eight hours, execution in common form for the sum of $3000, and based on the decree, was issued from this court; and upon that execution on October 27 the demanded premises and other lands of the libellee were seized, and on November 3, after due appraisal and other necessary proceedings had, set off to the demandant, and seisin and possession given to her by the officer, and the execution returned satisfied.

At the time of the filing of the libel, the libellee was justly indebted to sundry creditors, including this tenant, who on June 7, 1869, severally caused the demanded premises and all the libellee's other real estate in the county of Franklin to be attached in actions upon such debts, returnable to the superior court, and at August term 1869 of that court, to wit, on August 21, 1869, re covered judgments thereon against him. On September 15, 1869, the tenant took out execution on his judgment to the amount of $1400; and thereupon, on September 20, 1869, the demanded premises were seized, and on October 20, after the appraisal and other necessary proceedings had, set off to him, and seisin and possession given to him by the officer, and the execution returned satisfied. The tenant has since been in possession thereof; and

the trustee appointed as aforesaid, after giving bond as required, demanded of him possession of the land before bringing this action.

The title of the husband in the land was subject to no incumbrance except these various attachments. His whole property is insufficient to satisfy the amount decreed to his wife and the debts due to his judgment creditors, exclusive of costs.

The superior court gave judgment for the demandant, and the tenant appealed.

*C. Allen & G. W. Bartlett*, for the demandant.

*W. S. B. Hopkins*, (*D. Aiken & S. O. Lamb* with him,) for the tenant. 1. The tenant's title is perfect, unless defeated by the priority of the demandant's attachment and validity of all her subsequent proceedings.

2. The issue of execution to her in common form, and the proceedings under it, were not in pursuance of the terms or spirit of the decree, which called for a special execution. The decree was for payment of money to the clerk, to be by him paid over to a trustee. No execution could issue to the trustee; his trust was defined to be only to receive, invest and manage money. And in no event were the avails to go into the demandant's hands, even for a moment. The decree gives neither to her, nor to the clerk, nor to her trustee, any right to hold land or sell it. The course pursued defeated the decree, since, if it accomplished anything, it vested an absolute title to real estate in her, which neither the clerk, trustee nor court could control except with her permission.

3. The attachment by a wife on her libel for divorce is not operative against creditors. The attachment of property in ordinary suits is a general one, so that the property shall be "held as security to satisfy such judgment as the plaintiff may recover." Gen. Sts. *c.* 123, § 32. A wife's attachment in a divorce suit is not a general one, but is specially provided "in order to secure a suitable support and maintenance to the wife and such children as may be committed to her care and custody." Gen. Sts. *c.* 107, §§ 50, 53. And by § 52 the laws relating to attachments are applied to a wife's attachment only "so far as the same are not

inconsistent" with §§ 50, 51. The words " a suitable support and maintenance," in § 50, are relative, implying that a wife's attachment is to secure her such support and maintenance as is suitable to the wife of a person having such property as her husband possesses ; that is to say, she may secure for this purpose what he is worth, to be divided as the court directs, if she prevails. And what a man is worth is the amount of his property less his debts. The statute also, in fixing the purpose of the wife's attachment, does not include those incidents to judgments, such as costs, to secure which ordinary attachments are made, nor even what may be due the wife prior to the decree ; but limits the attachment to security for support of the " wife and such children as may be committed to her," that is, support after the decree. It is inconsistent with the practice and theory in regard to alimony, that the creditors of the husband should in any manner suffer. 2 Bishop on Mar. & Div. (4th ed.) §§ 450, 453. The provision of the statute in regard to this attachment looks toward securing the wife from acts of the husband in dispossessing himself of his property, and leaves their rights untouched. Creditors in good faith, enforcing their claims, do the wife no injury ; but if her attachment is operative against them, she may unwittingly or fraudulently cause them great loss.

4. The demandant's levy is invalid, because the execution was for the entire sum allowed her by the decree, including not only the future support of the wife and children, for which alone the attachment was authorized to be made, but also " costs and expenses of suit," " arrears of alimony," and " past expenses of maintaining the children," which the statute evidently intended to leave to be acted upon by the court according to the usual practice in divorce suits. " Costs and expenses of suit " may be, and uniformly are, ordered to be paid before trial. And the allowance may be increased from time to time. The same is true of alimony pending the suit. This course was pursued in this case. Gen. Sts. *c.* 107, §§ 22, 46. The father is responsible in the first instance for the support of the children before they are committed to the mother ; and the court may make decrees on this subject also, pending the suit. §§ 32, 37.

5. Unless the decree is to be considered as authorizing an execution only against personalty it is invalid, because there is no authority in the statute for the court to decree a gross sum to a wife as alimony, or allowance in the nature of alimony; except out of the personal estate of a husband. Gen. Sts. *c.* 107, §§ 43, 45, 46.

6. The decree is erroneous also, u that, beyond its requirement that the husband pay $3000, it looks only to the creation of a trust for the wife, although the statute only authorizes the appointment of a trustee to hold the " personal estate of the wife, or money in lieu thereof," awarded to her upon dissolution of the marriage. Gen. Sts. *c.* 107, §§ 40, 41, 46, 47.

7. In any event, this being in effect a proceeding to enforce a decree of the supreme judicial court in a suit for divorce, the superior court has no jurisdiction and the action cannot be maintained. *Allen* v. *Allen*, 100 Mass. 373.

GRAY, J. This court has long been vested, by successive statutes, with authority, upon granting to a wife a decree of divorce, either from bed and board or from the bond of matrimony, to allow her reasonable alimony out of her husband's estate. Sts. 1785, *c.* 69, § 5; 1805, *c.* 57; 1810, *c.* 119. Rev. Sts. *c.* 76, § 31. Gen. Sts. *c.* 107, §§ 43, 44. And the practical construction of these statutes has always been that such alimony might, at the discretion of the court, be ordered to be paid in one gross sum, instead of being made payable at stated periods. *Orrok* v. *Orrok*, 1 Mass. 341; Rec. 1805, fol. 114. *Livermore* v. *Boutelle*, 11 Gray, 217. *Chase* v. *Chase*, 105 Mass. 385. In many other states, also, the word "alimony" is commonly used as equally applicable to all allowances, whether annual or in gross, made to a wife upon a decree of divorce, under similar statutes. *Parsons* v. *Parsons*, 9 N. H. 309. *Whittier* v. *Whittier*, 11 Foster, 452. *Buckminster* v. *Buckminster*, 38 Verm. 248. *Sanford* v. *Sanford*, 5 Day, 353. *Lyon* v. *Lyon*, 21 Conn. 185. *Piatt* v. *Piatt*, 9 Ohio, 37. *Hedrick* v. *Hedrick*, 28 Ind. 291. *Wheeler* v. *Wheeler*, 18 Ill. 39. *Jeter* v. *Jeter*, 36 Alab. 391. In England, indeed, the ecclesiastical courts, whose jurisdiction was limited to divorces from bed and board, uniformly ordered alimony to be paid

annually. But the new court of divorce, which has power to render decrees of divorce from the bond of matrimony, is expressly authorized by St. 20 & 21 Vict. *c.* 85, § 32, if it shall see fit, on any such decree, to " order that the husband shall to the satisfaction of the court secure to the wife such gross sum of money, or such annual sum of money, as, having regard to her fortune (if any), to the ability of the husband, and to the conduct of the parties, it shall deem reasonable." In this Commonwealth this discretionary power has not been limited to cases of divorce from the bond of matrimony, for in the earliest and the latest reported cases upon the subject, alimony in gross was decreed upon a divorce from bed and board for the husband's cruelty. *Orrok* v. *Orrok,* and *Chase* v. *Chase,* above cited.

This court is empowered, both during the pendency of the libel and upon a decree of divorce, to make such orders and decrees as it deems expedient for the care, custody and maintenance of the minor children of the parties. Rev. Sts. *c.* 76, §§ 25, 26. Gen. Sts. *c.* 107, §§ 32, 33. It is also expressly authorized, from time to time, on the petition of either party, to revise or alter its decrees for alimony or the payment thereof ; or, on the petition of a wife who has obtained a decree of divorce, to grant alimony or other provision for her maintenance or for the benefit of the children, although none was made or asked for on the original libel ; and, in either case, to make such decree as it might have made in the original suit. Rev. Sts. *c.* 76, § 36. St. 1853, *c.* 23. Gen. Sts. *c.* 107, §§ 47, 48. The court is also now authorized by statute, in every case of libel for divorce, to require the husband to pay alimony pending the suit, and such sum of money as may enable the wife to maintain or defend the libel, although exceeding the taxable costs. Gen. Sts. *c.* 107, § 22. *Baldwin* v. *Baldwin,* 6 Gray, 341. It had already the power, as incidental to its jurisdiction of such cases, to award costs to the wife against the husband, both in suits for divorce, and on petitions for increase of alimony. *Wheeler* v. *Wheeler,* 2 Dane Ab. 310. *Stevens* v. *Stevens,* 1 Met. 279. *Bursler* v. *Bursler,* 5 Pick. 427.

The tendency of legislative and judicial action in this Commonwealth has been to assimilate to one another the forms of execu

tions issued by this court in the exercise of the various branches of its jurisdiction. It has long been the practice to issue executions to enforce the payment of alimony awarded upon decrees of divorce, which might be levied like executions in ordinary actions upon personal property or real estate. *Orrok* v. *Orrok, Livermore* v. *Boutelle,* and *Chase* v. *Chase,* above cited. *French* v. *French,* 4 Mass. 587. *Slade* v. *Slade,* 106 Mass. 499. The general statutes expressly provide that " the court may enforce decrees made for allowance, alimony, or allowance in the nature of alimony, pending libels, or upon or after final decrees of divorce, in the same manner as decrees are enforced in equity ; " and " may issue process of attachment and of execution, and all other proper and necessary processes." Gen. Sts. *c.* 107, §§ 45, 53. And in cases in equity, " the court may issue writs of seisin and execution in common form when such process appears to be an appropriate method of enforcing a decree in equity." Gen. Sts. *c.* 113, § 23.

Upon libels for divorce from the bond of matrimony for the crime of the husband, and upon libels for divorce from bed and board, " in order to secure a suitable support and maintenance to the wife and such children as may be committed to her care and custody, an attachment of the husband's real and personal estate may be made by the officer serving the libel." Gen. Sts. *c.* 1C7, § 50. Such attachment is to be made " in the same manner as attachments are made upon writs in actions at common law," and is to be made upon, and the amount thereof expressed in, the summons or order of notice issued upon the libel. § 51. " All laws relating to attachments of real or personal estate shall apply to attachments herein provided for, so far as the same are not inconsistent with the two preceding sections." § 52. And by those laws both real estate and personal property attached on mesne process are " held as security to satisfy such judgment as the plaintiff may recover," " for thirty days after the judgment, in order to their being taken on execution." Gen. Sts. *c.* 123, §§ 32, 42. The object of permitting an attachment upon a libel for divorce is declared to be " in order to secure a suitable support and maintenance to the wife and such children as may be committed to

her care and custody;" that object can only be effected by hold-
ing the attachment to be security for all sums awarded by the
court, either for alimony or other allowance, pending the suit, or
upon the final decree, or for the costs and expenses of the libel-
lant; and these are the only sums which the libellant can recover
upon her libel.

In determining the amount of alimony, regard is always had to
the value of the husband's property and income, and the amount
of his debts. But when once fixed by decree of the court, it
takes precedence, as compared with other debts and liabilities of
the husband, not according to the date of the obligation, but from
the date of the attachment; and cannot be set aside or modified,
except on petition to the court that made it, sitting as a court of
divorce. The wife who has obtained a decree for alimony, upon
a divorce, either from the bond of matrimony, or from bed and
board, although not strictly a creditor, is so far in the nature of a
creditor, that she may avoid a conveyance made by the husband,
after committing the act which constituted the cause of divorce,
though before the filing of the libel, with intent to prevent her
from enforcing any decree of alimony which she might obtain.
*Livermore* v. *Boutelle*, 11 Gray, 217. *Chase* v. *Chase*, 105 Mass.
385. *Morrison* v. *Morrison*, 49 N. H. 69. And where there is
no question of fraud, her claim for alimony under the statutes
and the decree is as much entitled to be secured as the claim of
any creditor.

It is within the discretion of any court having jurisdiction in
causes of divorce and alimony, to include in one decree alimony
since the filing of the libel, if not already paid, as well as alimony
for the future. *Robinson* v. *Robinson*, 2 Lee, 593. *De Blaquiere*
v. *De Blaquiere*, 3 Hagg. Eccl. 322. *Wilson* v. *Wilson*, Ib 329
note. *Burr* v. *Burr*, 10 Paige, 20, and 7 Hill, 207. *Forrest* v.
*Forrest*, 25 N. Y. 501. *Barber* v. *Barber*, 21 How. 582. And
under our practice, there is no valid objection to awarding upon
the final decree a gross sum in full of all arrears of alimony pend-
ing the suit, and of all costs and expenses in the suit, as well of
future alimony, and of all expenses of maintaining the children
the custody of whom has been awarded to the wife.

The decree of the chief justice, upon the demandant's libel for divorce, for the payment by the libellee of three thousand dollars in one gross sum, was therefore well warranted by law, and the attachment made upon the libel stood as security for the payment of the whole amount. The order " that execution issue therefor " authorized the issue of an execution in common form, and its levy upon any property, real or personal, of the husband, in the manner in which like executions issued in actions at law might be levied. As the real estate attached was not subject to mortgage, the only mode in which the execution could be levied upon it was by setting off the land and delivering seisin and possession thereof to the libellant or her attorney. Gen. Sts. c. 103, §§ 3–8, 15, 16. Her attachment being prior in date to the tenant's, her levy of execution within thirty days after the decree gave a better title than his.

The order for the issue of execution was not affected by the subsequent clause of the decree, directing the sum awarded to be paid into the hands of the clerk of the court, and by him deposited in bank until the qualification of the trustee appointed by the decree, and then received and invested by him, and applied to the wife's support and maintenance. The decree contemplated that the sum awarded should be immediately paid by the husband, gave him forty-eight hours to pay it in, and directed how it should be applied to the benefit of the wife, if so paid. But the sum not having been paid by the husband, there was nothing for the trustee to receive, and it became necessary for the wife to take out execution in accordance with the previous clause of the decree.

It is unnecessary in this case to consider whether, as contended for the tenant, the appointment of a trustee to hold a sum ordered to be paid by the husband by way of alimony, and not in lieu of personal estate of the wife which had come to him by the marriage, was unwarranted by the Gen. Sts. c. 107, §§ 40, 41 ; or whether it was justified by § 46, which authorizes the court to require sufficient security to be given for the payment, according to the terms of the decree, of any alimony or allowance for the wife and children. If this part of the decree was irregular or

inappropriate, it may at any time be amended by the court on the petition of the wife or the husband under § 47. But it cannot, in any view, affect the validity, as against the tenant, of the demandant's levy.

This writ of entry is not a process to enforce the decree of alimony, which must issue from this court, within the rule established in *Allen* v. *Allen*, 100 Mass. 373. That decree has been enforced by the execution already issued, and the setting off and delivery of seisin and possession of the premises to the wife by the officer serving the same. Gen. Sts. *c.* 103, §§ 15, 16. This is but a writ of entry in the usual form, in which the demandant counts upon the seisin thus acquired by her ; and might be brought in the superior court. Gen. Sts. *c.* 112, § 6 ; *c.* 114, §§ 3, 4.

The result of the whole case is, that none of the objections taken by the tenant to a recovery in this action can be sustained, and that upon the facts agreed there must be

*Judgment for the demandant.*