# PROVIDENCE COUNTY.

PETITION OF SAMUEL D. KEENE for a Writ of *Habeas Corpus*.

Pub. Stat. R. I. cap. 222, § 14, provides that execution may issue against the body of a defendant whenever it shall be made to appear to the court which rendered the judgment, or to any justice thereof, that the "defendant has been guilty of fraud" . . . "in the concealment, detention, or disposition of his property."

*Held*, that such an execution properly issues without notice to the defendant.

*Held*, further, that such an execution properly issues when the defendant owns a patent right which he refuses to apply to the payment of the judgment against him.

*Keach, Petitioner*, 14 R. I. 571, followed.

*March* 23, 1886. DURFEE, C. J. This is a petition for a writ of *habeas corpus*. The petitioner is confined in jail by commitment on execution issued on a judgment recovered against him in the Court of Common Pleas in an action of *assumpsit*. Under our statutes, Pub. Stat R. I. cap. 222, execution does not issue against the body of the defendant in such an action, except as provided in § 14 of that chapter: § 14 provides that executions may issue against the body in such an action whenever, among other things, it shall be made to appear to the court which rendered the judgment, or to any justice thereof, that the defendant has been guilty of fraud "in the concealment, detention, or disposition of his property." The execution against the petitioner was issued by order of the court, in compliance with an application of the plaintiff, supported by his affidavit, in which he charged the petitioner with fraud in the detention of his property, in that he

was the owner of one half of a patent, and had refused to apply it or any part of it to the payment of the judgment, though requested to do so by the plaintiff. The petitioner contends that the order for the execution was invalid and the execution itself void for two reasons, viz., *first*, because the order was granted on an *ex parte* hearing, without notice to him ; and, *second*, because the cause for which it was granted was insufficient. The statute, however, does not prescribe any notice, and to give one would, in many cases, defeat the purpose of the statute. Notice was not necessary to answer the constitutional requirement of " due process of law," the judgment having been duly recovered. We do not think the order was invalid for the first reason assigned. *Chase* v. *Chase*, 105 Mass. 385–388. The ground on which the petitioner contends that the second reason was insufficient is this : that a patent right is " exempt from attachment by law,". or at any rate not liable to attachment, and that he, therefore, had a right to refuse to apply it to the payment of the judgment. We do not think this position is tenable. This court decided in *Keach, Petitioner*, 14 R. I. 571, that a patent right is not " exempt from attachment by law " within the meaning of the phrase as used in our statutes, the phrase, as used there, covering only property which is exempt by statute. Pub. Stat. R. I. cap. 209. A patent right is not liable to attachment or seizure on execution because it is an incorporeal or intangible right. We do not think that a judgment debtor who has such a right, which is valuable, is entitled to withhold it from his creditors. The design of the statute is to protect simply the body of the debtor, not his property ; and to refuse protection to his body whenever it shall be made to appear that he has property which he fraudulently detains from his creditors. The statute should be construed in furtherance of this purpose, and, so construing it, we can have no doubt that a judgment debtor who has property not exempt, which he detains for his own use, refusing to apply it to the payment of the judgment, is " guilty of fraud in the detention." Such a debtor, if committed, could not be permitted to take the poor debtor's oath and have his discharge without a surrender of the property, for the oath, as prescribed, obliges him to swear he has *no* property, real or personal, " except what is exempt from attachment by law." We do not think, therefore,

that the Court of Common Pleas committed any error in this respect when it issued the execution. Whether, if it had, a writ of *habeas corpus* would be the proper remedy, we need not decide. But see *In the matter of Prime*, 1 Barb. S. C. 340; *Ex parte McCullough*, 35 Cal. 97.                              *Petition dismissed.*

*Charles A. Wilson & Thomas A. Jenckes,* for petitioner.
*John D. Thurston, contra.*