## MELVINA DE ROCHE *v.* LEON DE ROCHE.

Opinion filed April 23, 1903.

**Divorce—Cruelty—Evidence.**

1. In an action for divorce based upon the ground of extreme cruelty, evidence examined upon a trial *de novo*, and found sufficient to justify the granting of a decree of divorce to plaintiff upon that ground.

**Alimony—Gross Amount.**

2. When a divorce is granted to the wife for the wrong of the husband, the court, under section 2761, Rev. Codes 1899, may, in its discretion, grant alimony in a gross amount in lieu of an allowance payable at stated periods.

**Award Not Excessive.**

3. Evidence shows that husband and wife jointly accumulated $14,000; the husband has a business which will support him; wife has.

the custody of three minor children, and gives a $1,000 bond to insure their support; an award to the wife of $7,000 in gross sum *held* not excessive.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by Melvina De Roche against Leon De Roche. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Bosard & Bosard,* for appellant.

Granting of alimony is a statutory, not a common law right. *Davol* v. *Davol,* 13 Mass. 264. Alimony should be a sum payable from time to time, and in the absence of special agreement, or statutory authorization, should not be allowed in gross amount, or specific property. 2 Am. and Eng. Enc. of Law (2nd Ed.) 129; *Ross* v. *Ross,* 78 Ill. 402; *Von Glahn* v. *Von Glahn,* 46 Ill. 136; *Keating* v. *Keating,* 48 Ill. 241; *Maguire* v. *Maguire,* 7 Dana (Ky) 181; *Wallingsford* v. *Wallingsford,* 6 H & J. (Md) 489; *Calame* v. *Calame,* 25 N. J. Eq. 548; *Almond* v. *Almond,* 15 Am. Dec. (Va.) 781.

The proposition is further discussed in the following cases: *Lockridge* v. *Lockridge* (Ky), 28 Am. Dec. 52; *Cole* v. *Cole,* 34 Am. St. Rep. 56; *Stillman* v. *Stillman,* 99 Ill. 196, 39 Am. Rep. 21; *Resser* v. *Resser,* 82 Ill. 442; *Walling* v. *Walling,* 16 N. J. Eq. 389; *Miller* v. *Clark,* 23 Ind. 370; *Albee* v. *Wyman,* 10 Gray, 222; *Doe* v. *Doe,* 5 N. Y. Supp. 514; *Allan* v. *Farmers' Loan and Trust Co.,* 45 N. Y. Supp. 398; *Romaine* v. *Chauncey,* 129 N. Y. 566, 29 N. E. Rep. 826; *Wetmore* v. *Wetmore,* 44 N. E. Rep. 169; *Brown* v. *Brown,* 38 Ark. 324; *Burr* v. *Burr,* 10 Paige Ch. 20. If allowable to grant a gross sum, the amount allowed was excessive, under the evidence. *Hooper* v. *Hooper,* 44 L. R. A. 725; *Williams* v. *Williams,* 36 Wis. 362. The following cases are illustrative of just proportions of alimony, relative to the value of the husband's estate: $2,000 out of $8,500. *Wilde* v. *Wilde,* 56 N. W. Rep. 724; $1,000 when husband had $700 of wife's property, and he was worth $3,000; *Lacey* v. *Lacey,* 95 Ky. 110; $1,500 out of $5,000, for wife and two children. *Robinson* v. *Robinson,* 79 Cal. 511, 21 Pac. 1095; $15,000 out of $37,000. *Douglas* v. *Douglas,* 47 N. W. Rep. 92; $5,000 when husband was in possession of a liberal estate, was of high social standing, and great physical and mental ability. *Pauley* v. *Pauley,* 34 N. W. Rep. 512. See also. *Draper* v. *Draper,* 68 Ill. 17; *Burr* v. *Burr,* 10 Paige 20; *Williams* v. *Williams,* 61 N. W. Rep. 38 (S. D.) *Van*

*Glahn* v. *Van Glahn,* 46 Ill. 134; *Graft* v. *Graft,* 76 Ind. 136; *Becker* v. *Becker,* 79 Ill. 532.

*Guy C. H. Corliss,* for the respondent.

The authorities are very numerous, which support the view that a gross sum may be awarded. *Johnson* v. *Johnson,* 36 Ill. App. 152; *Wilde* v. *Wilde,* 56 N. W. Rep. 724; *Lacey* v. *Lacey,* 95 Ky. 110; *Gerke* v. *Gerke,* 13 S. W. Rep. 400; *Hoering* v. *Hoering,* 85 N. W. Rep. 346; *Templeton* v. *Templeton,* 85 N. W. Rep. 247; *Barkham* v. *Barkham,* 94 Ill. App. 440; *DeRuiter* v. *DeRuiter,* 62 N. E. Rep. 100; *Robinson* v. *Robinson,* 79 Cal. 511; *Douglass v. Douglass,* 81 Ia. 258; *Evans* v. *Evans,* 93 Ky. 510; *Pauly* v. *Pauly,* 69 Wis. 419; 34 N. W. Rep. 512; *Barber* v. *Barber,* 37 N. W. Rep. 381; *Burr* v. *Burr,* 10 Paige 20; *Metzler* v. *Metzler,* 99 Ind. 348; *Graft* v. *Graft,* 76 Ind. 136; *Williams* v. *Williams* (S. D.) 61 N. W. Rep. 38); *Burrows* v. *Purple,* 107 Mass. 432; *Jeter* v. *Jeter,* 36 Ala. 391; *Hedrick* v. *Hedrick,* 28 Ind. 291; *Wheeler* v. *Wheeler,* 18 Ill. 39; *Piatt* v. *Piatt,* 9 Ohio 37; *Lyon* v. *Lyon,* 21 Conn. 85; *Taylor* v. *Gladwin,* 40 Mich. 232; *Irwin* v. *Irwin,* 49 S. W. Rep. 432; 2 Nelson on Divorce and Separation, sections 900 and 903. Same, section 931.

Considering the wife's sufferings and sacrifices; her efforts and deprivation during the period in which the husband has accumulated what he has, an estate of about $15,000; and considering that the wife is charged with the burden of rearing the children, the allowance in the decree is not excessive. *Johnson* v. *Johnson,* 36 Ill App. 152; *Hoering* v. *Hoering,* 85 N. W. Rep. 346; *Van Derbeck* v. *VanDerbeck,* 83 N. W. Rep. 150; *Metzler* v. *Metzler,* 99 Ind. 384; *Williams* v. *Williams,* 61 N. W. Rep. 38; 2 Nelson on Divorce and Separation, section 909; *Hooper* v. *Hooper,* 44 L. R. A. 725; *Gerke* v. *Gerke,* 13 S. W. Rep. 400; *Irwin* v. *Irwin,* 49 S. W. Rep. 432; *McGechie* v. *McGechie,* 61 N. W. Rep. 692.

Action by Melvina De Roche against Leon De Roche for divorce. Both plaintiff and defendant are citizens of the United States, residents. of and domiciled in Grand Forks since the year 1879. They were married March 31, 1872. Nine children were born, the fruits of such marriage. Six only are living, three of whom—two girls and one boy—are of full age, the oldest girl being married; and three girls aged 17, 13 and 11, respectively. The three younger children have always lived at home, and are now in the custody of the mother. The plaintiff alleges that during the greater portion of her married

life defendant has treated her in a cruel and inhuman manner; that he has threatened and actually committed upon her personal violence; that the same are such as to cause her to feel in peril of her life if she continues longer to live with him. She further alleges that for years defendant has abused her, applying to her the most opprobious, vile and degrading epithets, cursing and swearing at her; charging her with unchastity—all in the presence and hearing of her children; and has specially neglected her when sick, and was guilty of other misconduct largely incident to that above cited. Plaintiff further alleges that defendant has a good business, and is worth at least $25,000. The relief asked is an absolute divorce, the custody of the minor children, permanent alimony for the support of herself and minor children, and suit money. The defendant, in his answer, admits the marriage, parentage, and ages of children named, but denies all acts of wrongdoing charged against him, and, while admitting his ownership of some property, denies its value to be $25,000, or any sum in excess of $13,545. The lower court found the defendant guilty of extreme cruelty, as alleged by the plaintiff; that his property is worth $14,000, and that defendant is also carrying on a business, the income from which is ample for his own support; that the property has been accumulated by the joint efforts of both parties; that it is for the best interests of the minor children that their custody be awarded to the mother. Judgment was ordered for plaintiff that she have a decree of absolute divorce, and that, considering the age of the plaintiff and of the minor children, and the inconvenience of having a monthly allowance of alimony, it is just and equitable that she be allowed, in lieu of all further alimony, counsel fees, and expenses, a gross sum of $7,000 in cash, to be paid as follows: $3,000 to be immediately paid upon the entry of judgment, $2,000 November 1, 1903, and $2,000 November 1, 1904, with interest until paid at 7 per cent. per annum; defendant to be exonerated from all obligations to maintain plaintiff or the minor children; plaintiff to give defendant a bond in the sum of $1,000, to be approved by the court, to insure the maintenance of the children; defendant to pay plaintiff, during the pendency of this appeal, $50 per month, beginning with November 1, 1902.

*Bosard & Bosard,* for appellant.
*Guy C. H. Corliss,* for respondent.

POLLOCK, District Judge (after stating the facts). The appeal in ·this case calls for a trial *de novo*. Three questions are presented by the record. First. Does the testimony sustain the findings and conclusion that a decree should be granted to plaintiff? Second. If it does, can the court, under our statute (section 2761, Rev. Codes 1899), grant alimony in a gross sum? Third. If it can, was the amount fixed by the lower court excessive?

1. We have carefully examined the record, covering, as it does, 240 pages, and are of the unanimous opinion that the findings and conclusions of the lower court upon the merits should be sustained. It would subserve no useful purpose to discuss this voluminous abstract at length, and spread upon a .permanent record unfortunate family relations. Suffice it to say that the mother's testimony is fully corroborated by that of four of the older children. Against these statements is the unsupported testimony of the defendant, and in his testimony he did not positively deny many of the accusations made, but seemed to rest content upon the fact that he had apologized for his foul words and deeds. The testimony shows that defendant frequently called his wife a whore, a bitch, and other vile and approbious epithets; swore at her, and made threats against her of bodily injury, all of which have taken place in the presence of the children. His treatment of her, also, when sick and caring for sick children, can only be accounted for by believing the defendant unresponsive to all those finer feelings which control the average man in dealing with his family and those he loves. We are agreed that the defendant's conduct produced grievous mental suffering upon the part of the plaintiff, and was of such a character as clearly, under the statute (section 2739, Rev. Codes 1899), as well as the adjudicated cases in this and other states, to warrant the court in granting the decree. *Mahnken* v. *Mahnken,* 9 N. D. 191, 82 N. W. 870, and cases cited.

2. Can alimony be allowed in a gross sum? Counsel for defendant stoutly insist that it cannot. It is conceded that whatever power the court has is derived from section 2761, Rev. Codes 1899, which reads as follows: "When a divorce is granted for an offense of the husband, the court may make such suitable allowance to the wife for her support during her life or for a shorter period as the court may deem just; and when such divorce is granted for the offense of either the husband or wife, the court may compel such husband to provide for the maintenance of the children of the marriage, hav-

ing regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." This section, so far as the point here involved is concerned, is the same as section 73, Civil Code, 1877, Dakota T., adopted January 12, 1866, and is identical with section 73 of the Field Code, reported for adoption in New York, February 13, 1865. Counsel for defendant, in their oral argument, contended that when reported in New York for adoption section 73 of the Field Code merely embodied the common law of that state, and that under the common law of New York a gross sum was not allowable. They further contend that in states where a gross sum has been granted it was alone by authority of express statutes, except in the states of California and South Dakota. Their conclusion is that, having adopted the Field Code, we should be controlled by the decisions of the New York courts made prior to the adoption of the Field Code in Dakota Territory. In this discussion it ought to be remembered that in the state of New York, at the time of the preparation of the Field Code, as now, the only cause for a divorce *a vinculo* was adultery. It was, however, provided that for certain other causes, such as extreme cruelty, etc., a bill of separation *a mensa et thoro* could be maintained. When we adopted our statute, the causes for an absolute divorce were increased, and many, if not all, of the causes for a separation as found in the Field Code were united under one head as causes for an absolute divorce. Section 73, Field Code, with reference to alimony, was adopted by our territorial legislature unchanged. In the state of New York a decree of separation did not *per se* affect the question of property between the parties. The wife lost none of her rights of dower, and the whole theory of the law looked to ultimate reunion of the parties. Such results could not be hoped for if the property was permanently divided. Alimony, under such conditions, was the allowance which a husband, by order of the court, paid to his wife, living separate from him, for her maintenance, and was generally made payable monthly, quarterly or yearly, as the court considered best for all parties concerned. Our attention has not been called to any case nor have we been able to discover any, from New York, prior to the Field Code, which decided that in cases of a divorce *a vinculo* a gross sum could not be allowed. Counsel for defendant bases his contention that a gross sum was not allowed in New York upon the authority of *Burr* v. *Burr*, 10 Paige (N. Y.) 20-37; Id., 4 L. Ed. 872. This case was a separation "*a mensa et thoro*," not a divorce "*a vin-*

*culo."* The vice chancellor said: "The remaining question is as to the amount of alimony to which the complainant is entitled. Section 54 enacts that, upon decreeing a separation, the court may make such further decree for the suitable support and maintenance of the wife by the husband, or out of his property, as may appear just and proper. Section 56 allows a decree for a separation to be revoked on a reconciliation of the parties, under such regulations and re- strictions as the court may impose. * * * I find no case where the chancellor, or any other court, has directed a sum in gross to be paid the wife. There is a looseness of expression in the marginal note to some of the cases and in some of the opinions which give countenance to the claim set up by the complainant. But the cases themselves do no sustain it. I think it has been shown that the claim to a gross sum is incompatible with some of the provisions of the statute, *where, as in this case, the claim arises out of a limited di- vorce."* (The italics are ours.) The chancellor, in rendering the final decision (at page 37), says: "Whether the court in such cases is authorized to award a gross sum to the wife, instead of an annual allowance, it is not necessary in this case to consider; for it will be more beneficial to the complainant to have a liberal quarterly allow- ance for life than any gross sum which the court would think it proper to give, and which gross sum, in case of her death in the life- time of the husband, might belong to him, under the statute of dis- tributions." So that, under the ruling of the chancellor in the case relied on, it was not decided, even in a case of separation, that a gross sum could not be allowed.

A careful examination of the decided cases in New York also shows that when a divorce *a vinculo* was granted the courts awarded such alimony as was deemed just and reasonable. This power was conceded in *Peckford* v. *Peckford,* 1 Paige (N. Y.) 274, 2 L. Ed. 644, decided in 1828, where the chancellor says: "The usual course in such cases is to order a reference to ascertain by the re- port of a master the value of the defendant's property, and what would be a suitable allowance." And again, after finding the value of the property to be $12,000, said: "If the wife had been perfectly discreet, provident, and submissive to her husband, I should have allowed her half this property." In *Lawrence* v. *Lawrence,* 3 Paige (N. Y.) 267, 3 L. Ed. 148, decided in 1832, which was an action for a separation, the chancellor says: "The proportion of the husband's property or income which is allowed to the wife as ali-

mony, either *pendente lite* or after the termination of the suit, is in the discretion of the court. And in fixing upon the amount which is proper to be allowed the court must take into consideration the nature of the husband's means, the situation of the parties in society, the amount of the husband's income, and whether the same is derived from property already acquired or from his own personal and daily exertions. It is also proper for the court to take into consideration the question whether there are or are not children or other relatives of the husband who have claims upon him for sustenance or education. * * * Where the amount of the estate is considerable, it is usual to allot the wife for permanent alimony from one-fourth to one-half thereof, where she is not to have the custody of the children of the marriage."

The diligence of counsel for defendant makes it possible to see at a glance, in his brief, the statutes of the several states of the Union which in express language permit courts in case of a divorce to grant a gross sum, if, in their discretion, the same is deemed proper. Those mentioned are Massachusetts, Wisconsin, Indiana, Kentucky, New Hampshire, Illinois, Michigan, Connecticut, Iowa, Ohio, Missouri and Vermont. In none of these has the Field Code been adopted, nor was the precise language of section 73 (found in section tion 2761, Rev. Codes 1899) with reference to alimony; although it is apparent that the principle laid down in the New York cases above cited was approved. It may be profitable to inquire why this unanimity of statutory language upon the question of permitting a gross amount to be allowed exists in the several states named. A divorce *a vinculo* is a final winding up of the relation existing between man and wife. It is an absolute breaking of all marital ties. The chain which has bound the parties together is broken; the effect of which, to use the language of our statute, is "to restore the parties to the state of unmarried persons." Section 2736, Rev. Codes 1899. What could be more humiliating to the wife than to be constantly placed as a pensioner upon the bounty of a man who had destroyed her happiness, subjected to his insults, and reminded each month, quarter or year of past misfortunes; caused frequently to resort to legal proceedings to secure her stipend, and made the unhappy recipient of a fund which, upon each recurring payment, the husband will take occasion to remind her is not her own? It would be likewise irritating to the husband, provocative of strife, and in the end destroy his comfort and repose to feel that the debt incurred would end only with

death. Private interest and public policy unite in saying that in the majority of cases such a winding up of the affairs of the parties should be made as will reduce to the minimum the evils of the dis-solution. This, in many cases, can be better done by the allowance of a gross sum. Does, then, the wording of our statute permit such an allowance? In our opinion, a fair interpretation of the section leaves it for the court to decide what is right and proper for the particular case in hand. It says: "The court may make such suit-able allowance to the wife for her support during her life or for a shorter period as the court may deem just." Counsel contend that the use of the word "allowance" negatives the idea of a gross sum. Web-ster defines an allowance as "that which is allowed; a share or por-tion allotted or granted; a sum granted as a reimbursement; a boun-ty; an appropriation for any purpose; a stated quantity, as of food or drink." It would appear, therefore, that, if we should rest our construction upon the language of the section in question, and omit the reason of the rule, the conclusion of counsel for defendant could not be followed.

But we are not without authority in the matter. The only states having our statute, both taken from the Field Code, Section 73, are South Dakota and California, and their supreme courts have decided that under it a gross sum can be allowed. In the case of *Williams* v. *Williams,* 6 S. D. 295, 61 N. W. 38, the court says: "The appel-lant also contends that the court had no authority to award alimony payable in one sum, instead of payable monthly or annually. But we are of the opinion that our statute fully authorizes the court to render the judgment complained of. The statute reads as follows: 'Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties res-pectively; and the court may from time to time modify its orders in these respects.' Comp. Laws 1887, section 2584. The California Civil Code contains identically the same section, and in *Robinson* v. *Robinson,* 79 Cal. 511, 21 Pac. 1095, the question was presented and fully considered. In that case the court says: 'The question is, had the court the power, under this section, to require a gross sum to be paid to the plaintiff for her support? We think the language broad enough to confer this power. It will be observed that the al-

lowance may be for the wife's support during her life, and there is nothing limiting it to periodical payments. If it were so limited, it would be possible, where no security had been required, for the husband to dispose of all his property, and then go away or die, and thus defeat the allowance altogether. And this has been the practical construction of similar statutes in many other states.' In *Burrows* v. *Purple*, 107 Mass. 432, Mr. Justice Gray, speaking for the court, says: 'This court has long been vested, by successive statutes, with authority, upon granting to a wife a decree of divorce, either from bed or board or from the bond of matrimony, to allow her reasonable alimony out of her husband's estate. And the practical construction of these statutes has always been that such alimony might, at the discretion of the court, be ordered to be paid in one gross sum, instead of being made payable at stated periods. In many other states, also the word "alimony" is commonly used as equally applicable to all allowances, whether annual or in gross, made to a wife upon a decree of divorce under similar circumstances'—citing *Parsons* v. *Parsons*, 9 N. H. 309, 32 Am. Dec. 362; *Whittier* v. *Whittier*, 31 N. H. 452; *Buckminster* v. *Buckminster*, 38 Vt. 248, 88 Am. Dec. 652; *Piatt* v. *Piatt*, 9 Ohio, 37; *Hedrick* v. *Hedrick*, 28 Ind. 291; *Wheeler* v. *Wheeler*, 18 Ill. 39; and *Jeter* v. *Jeter*, 36 Atl. 391."

3. Was the amount fixed excessive? We are of the opinion it was not. It must not be forgotten that the plaintiff did as much for the accumulation of the property as the defendant. The evidence certainly warrants that conclusion. The mother also must have the care and custody and incur the responsibility of bringing up and educating the three minor children. To secure the performance of this obligation by her, the trial court required her to give a bond in the sum of $1,000. We think the evidence fully justifies the finding of the lower court that the defendant has property worth $14,000, and is also carrying on a business, the income from which is ample for his own support. The lower court had before him all the witnesses in this case, and therefore had special advantages for judging of their credibility, and has arrived at what seems to us from the record a fair and equitable allowance to the wife out of the joint estate.

The judgment appealed from is affirmed.

YOUNG, C. J., and MORGAN, J., concur. COCHRANE, J., having been of counsel in the court below, took no part in deciding the case;

CHARLES A. POLLOCK, Judge of the Third Judicial District, sitting. in his stead.

(94 N. W. Rep. 767.)