(December 29, 1922.)

# THEODORE ENDERS, Respondent, v. RUTH ENDERS, Appellant.

[211 Pac. 549.]

DIVORCE — EXTREME CRUELTY — FINDINGS OF FACT — ALIMONY — GROSS
SUM—ATTORNEYS' FEES.

1. A divorce having been granted to the wife on the ground of
extreme cruelty, there being no community property and the wife
having no separate property, *held*, that the court abused its dis-
cretion in refusing to make an allowance of alimony for her
support and maintenance.

2. Under the provisions of C. S., sec. 4644, where a divorce is
granted on the ground of extreme cruelty, it is in the discretion
of the court to make a suitable allowance of alimony to be paid
in a gross sum instead of monthly payments.

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County. Hon. O. R. Baum, Judge.

Action for divorce. Judgment for appellant. *Modified.*

H. E. Ray and Peterson & Coffin, for Appellant.

This would seem to be a case where an allowance in gross
to the defendant could be made by this court, under the
record. (*Hooper v. Hooper,* 102 Wis. 598, 78 N. W. 753,
44 L. R. A. 725; *De Roche v. De Roche,* 12 N. D. 17, 1 Ann.
Cas. 221, 94 N. W. 767; *Cole v. Cole,* 142 Ill. 19, 31 N. E.
109; C. S., sec. 4644; *Gust v. Gust,* 78 Wash. 414, 139 Pac.
228; *Jeter v. Jeter,* 36 Ala. 391; *Piatt v. Piatt,* 9 Ohio, 37;
*Tremper v. Tremper,* 39 Cal. App. 62, 177 Pac. 868.)

D. W. Standrod, C. M. Booth and C. D. Smith, for Re-
spondent, cite no authorities.

BUDGE, J.—This action is one for divorce. Respondent
in his complaint charged the appellant both with extreme
cruelty and adultery. The answer of appellant was in

effect a general denial. She filed a cross-complaint alleging extreme cruelty, the material allegations of which were denied. Decree of divorce was granted to appellant upon the ground of extreme cruelty. The court below failed to award permanent alimony to appellant and also denied her application for additional attorneys' fees. From that portion of the decree this appeal is prosecuted.

Respondent and appellant were married on April 27, 1918, and separated on July 19, 1918. It would serve no useful purpose to encumber this opinion with the acts of extreme cruelty alleged and testified to by appellant and witnesses called in her behalf. Suffice it to say that respondent denied that he, in any manner mistreated appellant or that he did her any physical injury, while, upon the other hand, appellant testified to having been shamefully beaten about her head and body, as a result of which she was compelled to undergo two major operations. Upon the charge of extreme cruelty made by appellant the trial court made the following finding: "That plaintiff (respondent) did treat the defendant in 'a cruel manner by striking defendant and using abusive language toward her and conducting himself toward her in such a manner as was inconsistent with his marital duties . . . . that said treatment has not impaired defendant's health permanently and at the time of said treatment plaintiff was angered by the conduct of the defendant and the same was not entirely unprovoked, as will appear as hereinafter found."

In our opinion, while the evidence is conflicting, there is sufficient competent evidence to support the finding of the trial court that the respondent "did treat defendant . . . in a cruel and inhuman manner," by striking appellant and using abusive language toward her and that respondent's conduct was inconsistent with his marital obligations. We know of no rule of law or common decency that would justify the infliction of such physical or mental suffering as was administered here, no matter how provoking the conduct of one spouse towards the other may be.

It appears that respondent is possessed of considerable real and personal property. Although the same was heavily encumbered at the time of the trial there remained an equity. This was his separate property. Appellant was without means of support and in destitute circumstances and as a result of the cruel treatment received at the hands of respondent her earning capacity was considerably impaired. Taking all of the facts of this case into consideration it would seem to us that the court abused its discretion in denying appellant sufficient funds for her proper maintenance and support, especially as the decree of divorce was granted to her upon the ground of extreme cruelty. Had the court found appellant to be guilty of adultery or extreme cruelty as charged by respondent and thereupon refused to allow her alimony a different situation would be presented, but having reached the conclusion upon the evidence submitted that the respondent was guilty of such acts and conduct as constituted extreme cruelty and that appellant was innocent of the charges made against her, in view of her situation, the court should have made reasonable provision for her support.

The matter of the allowance or disallowance of alimony and attorneys' fees in divorce actions is committed to the discretion of the trial court and unless such discretion is abused, the judgment will not be disturbed. (*Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94.) We have reached the conclusion that the trial court did not abuse its discretion in refusing to allow additional attorneys' fees and that the allowance made in the first instance was not so unreasonable as to call for a reversal of its action in this regard.

It is clear that there is no community property. The wife has no separate property and there is no issue of this marriage. It therefore becomes important to determine the amount to be allowed as alimony and whether the same may be allowed in a lump sum or in stipulated amounts at fixed dates.

C. S., sec. 4644, provides as follows: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to · the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

California Civil Code, sec. 139, is practically identical with C. S., sec. 4644, *supra*. Under the construction placed upon the California statute by the supreme court of that state, permanent alimony may be awarded either in a lump sum or in stipulated amounts payable at fixed dates. (*Robinson v. Robinson*, 79 Cal. 512, 21 Pac. 1095; *Huellmantel v. Huellmantel*, 124 Cal. 583, 57 Pac. 582; *Parker v. Parker*, 55 Cal. App. 458, 203 Pac. 420.)

Under similar statutes in other states the same rule has been laid down. (*Jeter v. Jeter*, 36 Ala. 391; *Piatt v. Piatt*, 9 Ohio, 37; *Williams v. Williams*, 6 S. D. 284, 61 N. W. 38; *Hedrick v. Hedrick*, 28 Ind. 291; *Burrows v. People*, 107 Mass. 428; *Wheeler v. Wheeler*, 18 Ill. 39; *Buckminster v. Buckminster*, 38 Vt. 248, 88 Am. Dec. 652; *Hooper v. Hooper*, 102 Wis. 598, 78 N. W. 753, 44 L. R. A. 725; *De Roche v. De Roche*, 12 N. D. 17, 1 Ann. Cas. 221, 94 N. W. 767.)

In the case of *Green v. Green*, 152 Ky. 486, 153 S. W. 775, at 777, it is said: "Where the husband and wife have been separated by a judgment of divorce, and the husband's estate justifies the payment of a lump sum as alimony, we think it is the better rule to so allow it. It promotes the peace and happiness of both parties by having their financial relations terminated by a single payment of alimony, rather than raise further irritations by possibly repeated efforts to recover it by judicial proceedings."

See also to the same effect, *Huellmantel v. Huellmantel*, *supra*; *Tremper v. Tremper*, 39 Cal. App. 62, 177 Pac. 868.

From a careful consideration of the entire record, the situation of the parties, their earning capacity and the

financial standing of respondent we have reached the following conclusion: That respondent should be required to pay into the trial court as alimony for the use and benefit of appellant, the sum of $1,000, to be paid in four equal instalments, $250 within thirty days after the going down of the *remittitur,* and $250 each ninety days thereafter, with interest at the legal rate until the whole of said amount shall have been paid. That the decree of the lower court should be modified as herein indicated, and when so modified it will be affirmed. For the reason that the respondent has paid, under various orders of the court, all costs incurred herein, no costs will be awarded.

McCarthy, Dunn and Lee, JJ., concur.