Oicey, J.
The cpiestion presented in this ease is whether, by the decree for alimony, Maria Laughlin obtained all the interest which Patrick Laughlin had in the premises in controversy. If she did, then the court of common pleas decided correctly in overruling the demurrer to the apswer, sustaining the demurrer to the reply, and in rendering judgment in favor of the Gallaghers, and the district court erred in reversing the judgment; but if by the decree she took only a life estate, then *593 on her death the estate passed to the heirs of Patrick Baughlin, and the judgment of the district court is correct.
Independently of statutory provision, alimony in England and this country is the allotment of sums of money, payable at stated intervals, by the husband for the support of the wife. The whole subject Is considered in the instructive cases of Calame v. Calame, 25 N. J. Eq. 548; Burrows v. Purple, 107 Mass. 428.
But in this state the matter is regulated by statute. By-the seventh section of the act of 1853 (51 Ohio B. 377), which remained in force until it was incorporated into the revised statutes (5699), it was provided as follows: “ That where a divorce shall be granted, by reason of the aggression of the husband, the wife shall be restored to all her lands, tenements and hereditaments, not previously disposed of, and to her maiden name if she so desires, and shall be allowed such alimony, out of her husband’s real and personal property, as the court shall think reasonable, having due regard to the property which came to him by marriage, and the value of his real and personal estate at the time of said divorce, which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or by installments, as the court- may deem just and equitable; and if the wife survive her husband, she shall also be entitled to her right of dower in the real estate of her husband, not allowed to her as alimony, of which he wras seized at any time during the coverture, and to which she has not relinquished her right of dower; hut if the divorce shall arise by reason of the aggression of the wife, she shall be barred of all right of dower in the lands of which her husband shall be seized at the time of the filing of the petition for divorce, or which he may thereafter acquire, whether there be issue or not, and the court shall order to her restoration of the whole of her lands, tenements or hereditaments not previously disposed of, and also such share of the husband’s real or personal property, or both, as to such court may appear just and reasonable.”
In Broadwell v. Broadwell, 21 Ohio St. 657, it appeared that the court below had allowed to the wife, as alimony, a por *594 tion of the husband’s lands, and it was stated in the decree, in terms, that her title should be in fee simple. This court held in that ease that such decree was not erroneous. It was unnecessary, however, to express any opinion whether the words, “in fee simple,” or any equivalent words, were necessary in the decree to transfer the fee, and no opinion on the question was expressed. But in this case a decision of that question becomes necessary.
•In the absence of statutory provision, the decree of a court of equity, directing the conveyance of lands, does not operate as such conveyance, but must be enforced by attachment and sequestration. Shepherd v. Ross Co., 7 Ohio, pt. 1, 271. Under this statute, however, no conveyance is contemplated, but on the contrary, when a decree is made allowing lands to a wife as alimony, under the above section, the title she receives passes to her eo instanti. That such title is all the interest of the husband in. such property, where the words, as here, are general, we entertain no doubt. The rule which still requires the word heirs in a deed, in order to pass a fee, has no just application to a statute like the one under consideration ; nor has the rule — no longer in existence here — that a fee in lands will not pass by devise unless the intention of the testator to that effect is apparent on the face of the will. We do not doubt the power of the court, in awarding to the wife a portion of her husband’s lands as alimony, to so limit her interest that it will be less than the whole estate of the husband; as, for instance, where he has a fee, her interest by the decree for alimony may be limited to a life estate; but such limitation, to be effectual, must be found in the decree, and, as already stated, in the absence of such limitation, the whole interest of the husband passes to the wife.
It is further urged, on behalf of the defendant in error, that the real property of Patrick Laughlin, awarded to Mana Laughlin as alimony, was more than one-lialf, in value, of ail the real property owned by him; that by the same decree all his personal property was awarded to her, and hence that the court could not have intended she should take a fee in the lots. But the decree must be construed by its words, in the way already *595 stated. Besides, none of the evidence upon which the divorce and alimony were decreed is before us. ¥e are aware that some attempts have been made to lay down rules for the guidance of courts in awarding alimony; but every case must, in a large degree, depend on its own facts for a proper disposition of it, and, without deciding that the question is properly before us, it is perfectly clear that the circumstance relied on, that is, the large proportion of the property awarded to Maria Laughlin as alimony, cannot, properly, control us in determining the interest which she took in the lands in question.

Judgment of the district court reversed a/nd that of the court of common pleas affi/rmed.