## ALIMONY.

[Circuit Court of Muskingum County.]

WILLIAM S. LEMERT V. AMELIA LEMERT ET AL.

Decided, October Term, 1903.

*Alimony—Judgment for—Not Barred by a Discharge in Bankruptcy—
Does not Become Dormant from Failure to Cause Execution to
Issue—Collection of, Can not be Defeated by Injunction.*

A judgment or lien for alimony is a continuing and subsisting claim
against the husband; it does not become dormant, is not affected
by proceedings in bankruptcy, and injunction will not lie to pre-
vent its enforcement.

McCARTY, J.; VOORHEES, J., and DONAHUE, J., concur.

The case of William Lemert against Amelia Lemert et al is
an action which came into this court on appeal from the court
of common pleas. The action was commenced in that court for
an injunction to prevent, by restraint or otherwise, the collec-
tion of a judgment for alimony granted some time ago by the
Franklin County Common Pleas Court. In 1899, a suit was
brought in Franklin county by Amelia Lemert against William
S. Lemert for divorce and alimony. In that proceeding the di-
vorce was granted, and alimony was allowed in the gross sum
of one thousand dollars. Subsequently, and since the passage of
what is called the bankruptcy law of 1898, an action was com-
menced by William S. Lemert in the federal district court, pray-
ing for a discharge in bankruptcy, and such proceedings were
had in that court and under that petition and application for
discharge, that he was, subsequently to that time, discharged in
bankruptcy, and received a certificate in the ordinary form dis-
charging him from all liability from debts. It will be remem-
bered that the divorce and alimony proceedings was commenced
and determined in the Court of Common Pleas of Franklin
County long before the proceeding for the discharge in bank-
ruptcy took place. Two serious and important questions here
arise, (1) as to whether that claim for alimony was provable
in the bankruptcy proceeding, and (2) as to whether that claim

for alimony did not become dormant by reason of the lapse of time from the time judgment was obtained until the proceedings were commenced for its enforcement and execution.

It is said that in the proceeding in bankruptcy a list of claims and debts was filed by Mr. Lemert, and when the time came for hearing and passing upon those claims and debts he was finally discharged, and was, therefore, relieved from the burden of paying them, or any part of them.

In 1898 this bankruptcy law was passed, since which time an adjudication has been had upon this identical question in the Supreme Court of the United States, and is reported in *Auduban* v. *Shufeldt,* 181 U. S., 575. The syllibi of the case and opinion delivered by Mr. Justice Gray are as follows:

"Neither alimony in arrear at the time of adjudication in bankruptcy nor alimony accruing subsequently thereto is a provable debt in the sense of the bankruptcy act of 1898, or barred by a discharge."

On page 579 in the opinion, a case is cited with approval, decided in 1900, *Barclay* v. *Barclay,* 184 Ill., 375 [56 N. E. Rep. 636], and in that case "it was adjudged by the Supreme Court of Illinois that alimony could not be regarded as a debt owing from husband to wife which might be discharged by an order in bankruptcy, whether the alimony accrued before or after the proceedings in bankruptcy, and the court said: 'The liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty. It is not to be enforced by an action at law in the state where the decree is entered, but is to be enforced by such proceedings as the chancellor may determine and adopt for its enforcement. It may be enforced by imprisonment for contempt, without violating the constitutional provisions prohibiting imprisonment for debt. The decree for alimony may be changed from time to time by the chancellor, and there may be such circumstances as would authorize the chancellor to even change the amount to be paid by the husband, where he is in arrears in payments required under the decree. Hence such alimony can not be regarded as a debt owing from the husband to the wife, and, not being so,

can not be discharged by an order in the bankruptcy court.' ''

It is contended in argument here that the district court of the southern district of Ohio passed upon the jurisdiction and determined that this was a provable claim, from which the defendant was subsequently discharged by the certificate in bankruptcy. We think that the Supreme Court of the United States, having this identical question before it, determined that it was not a provable claim, and if it was not a provable claim the adjudication of the district court would be of no effect. The decision of the Supreme Court of the United States is, in substance, that the statute providing for bankruptcy proceedings, the filing of claims, and adjudication upon them, does not require, and does not allow, the proof of claims for alimony.

We are aware that some portions of the decision in the case of *Conrad* v. *Everich,* 50 Ohio St., 476, have been criticised by the Supreme Court of Ohio, but not the portion I here read:

''It is contended in argument that alimony is not a debt, and if not, that it is difficult to see how it is a lien unless expressly made so by the court. But, in *Lockwood* v. *Krum,* 34 Ohio St., 1, it is well said by Boyton, J., in delivering the opinion of the court: 'The claim for alimony rests on the common law obligation of the husband to support his wife in a manner suitable to his condition and station in life during the existence of the marriage relation. And this obligation is as binding after the commission by the husband of a marital offense entitling the wife to divorce, as before. In respect to such obligations, she may well be held to be a creditor of the husband.' In *Chase* v. *Chase,* 105 Mass., 385, it was held that a judgment for alimony in the case of a divorce *a vinculo,* or from bed and board, creates a debt of record in favor of the wife, and that she is entitled, as a creditor, to impeach a conveyance made by him with intent to defraud her. It is said by the Supreme Court of the United States in *Barber* v. *Barber,* 62 U. S., 582, 595, that when the court having jurisdiction of her suit allows the wife from her husband's means, by way of alimony, a suitable maintenance and support, 'it becomes a judicial debt or record against the husband, and is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' ''

And it is the duty of the husband to provide proper maintenance and support for his wife, before and after the decree of divorce.

We think the authorities conclusively determine (1) That this was not a provable debt; (2) That the court did not have jurisdiction in the matter to determine that it was so, and thereby undertake to discharge the plaintiff in this action from that obligation.

As to whether or not the judgment became dormant. An adjudication of alimony by a court of common pleas is, in a sense, a judgment, to the enforcement of which the parties are entitled to execution and proceedings in aid thereof. A claim for alimony—while it is a judgment, the fixed amount of which is to be paid by the husband out of his property for the support of the wife, rests not only upon the adjudication of the court fixing that amount, but upon the higher obligation of the common law liability of a husband to support his wife, and the authorities go so far as to say that it is a continuing obligation which exists not only at the time of the judgment, but continues afterward.

We are of the opinion that this judgment or lien is a continuing, subsisting claim against the husband; that it has not become dormant, and is not affected by the proceedings in bankruptcy; and that this petition for injunction, the object and prayer of which was to restrain and prevent the enforcement of the claim for alimony, should be dismissed.

*A. J. Andrews,* for plaintiff.

*F. F. D. Albery,* for defendant.